## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARIE A. ANDERSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 18-1048-EFM-GEB |
| ) | |
| **PISTOTNIK LAW, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3). For the reasons outlined below, Plaintiff's Motion to Proceed without Prepayment of Fees (**ECF No. 3**) is **GRANTED**.

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the fee, the Court commonly reviews that party's financial affidavit, and compares his or her monthly expenses with the monthly income disclosed therein.[3] In her application and financial

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).
[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1)

affidavit (ECF No. 4, *sealed*), Plaintiff indicates she is not currently employed. Although she discloses her spouse's income, as well as minimal assets owned by Plaintiff and her husband, it appears the couple's household income is less than their monthly obligations (ECF No. 4, *sealed*). In keeping with the Court's liberal policy toward permitting proceedings *in forma pauperis*,[4] and after careful review of Plaintiff's Motion and Affidavit of Financial Status (ECF Nos. 3, 4, *sealed*), the Court finds she is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 3)** is **GRANTED**. Although a grant of *in forma pauperis* status to a filing party would normally invoke service of process by the clerk of court under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to **stay service** of any documents pending the District Court's review of the Report and Recommendation filed simultaneously herein (ECF No. 6).[5]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 21st day of February 2018.

                                         s/ GWYNNE E. BIRZER
                                         GWYNNE E. BIRZER
                                         United States Magistrate Judge

---

(D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

[4] *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).

[5] *See Webb v. Vratil*, No. 12-2588-EFM-GLR, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)).