# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARIE A. ANDERSON,

       *Plaintiff,*

    v.

PISTOTNIK LAW, BRIAN R.
COLLIGNON, HENRY & MATHEWSON,
ELIZABETH L. HENRY, and DARYANNE
NICOLE OTT,

       *Defendants.*

Case No. 18-CV-1048-EFM-KGG

## MEMORANDUM AND ORDER

This case arises out of a car accident that occurred on February 12, 2016. Plaintiff seeks damages from the other driver, Defendant Daryanne Nicole Ott, who allegedly ran a red light and hit Plaintiff's vehicle. Plaintiff also pursues various claims against the lawyers that represented her in conjunction with her personal injury claim against Ott, as well as those lawyers' respective law firms.[1] This Order addresses four motions: (1) Motion to Dismiss by Defendants Pistotnik Law and Brian Collignon (Doc. 16), (2) Defendants Henry & Mathewson, P.A.'s and Elizabeth L. Henry's Motion to Dismiss (Doc. 27), (3) Motion to Dismiss by Defendant Ott (Doc. 44), and (4) Plaintiff's Motion to Amend (Doc. 49). For the reasons explained below, the Court grants

---

[1] The Amended Complaint may be read to assert various claims against Defendants Pistotnik Law, Brian R. Collignon (a partner at Pistotnik Law), Henry & Mathewson, P.A., and Elizabeth L. Henry (a partner at Henry & Mathewson), including breach of contract, breach of fiduciary duty, negligence, legal malpractice, and violations of Plaintiff's due process rights.

Defendants' motions and denies Plaintiff's motion. Plaintiff's claims are dismissed without prejudice.

## I. Factual and Procedural Background[2]

On February 12, 2016, Defendant Ott drove her vehicle through a red light in Wichita, Kansas. Ott's vehicle struck Plaintiff's vehicle, causing Plaintiff's 1999 Chevy Suburban to flip, trapping Plaintiff inside the vehicle. Plaintiff was taken to the hospital and treated for multiple injuries, primarily to her neck, back, and head.

Shortly after the accident, Plaintiff retained Defendant Elizabeth Henry, a partner with Henry & Mathewson, to represent her in connection with her personal injury claim. Henry also represented Plaintiff in connection with a Protection from Stalking ("PFS") matter filed by Plaintiff's mother, who had custody of Plaintiff's son. On June 20, 2017, Henry sent Plaintiff and her husband, Daniel Moore, a letter terminating Henry's representation of Plaintiff and her husband in connection with the PFS matter, as well as Henry's representation of Plaintiff in her personal injury claim. It stated, in part:

> Yesterday I received an e-mail from the Shank's attorney stating that you believed the Judge's ruling in the PFS permits you to see [child's name] and that they cannot prevent that interaction. I don't know whether you believe this or have said it but it has brought home to me that I simply can no longer represent you either regarding contact with [child's name] or your car accident of February 1, 2016.
>
> I have repeatedly tried to tell you that you have no legal right to contact with [child's name] and you are unable or unwilling to accept my legal conclusion. In view of the fact that this is the primary focus of your current life, this breakdown in communication renders me unable to continue to represent you on your personal injury case as well. . . .

---

[2] Plaintiff filed an Amended Complaint on March 27, 2018, after the Magistrate Judge recommended dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction due to a lack of federal-question jurisdiction and the unavailability of diversity jurisdiction. Unless otherwise noted, the facts presented in this section come from Plaintiff's Amended Complaint and are viewed in the light most favorable to Plaintiff.

Henry allowed approximately one and a half years to go by after the accident without sending an initial demand letter. Plaintiff alleges that this delay deprived her of her right to due process of law and constitutes a breach of fiduciary duty. She also asserts that Henry acted negligently in not speaking with Plaintiff before terminating Henry's representation.

In August 2017, Plaintiff retained Defendant Brian Collignon, with Pistotnik Law, to represent her in her personal injury matter. Collignon sent a demand letter to Key Insurance on September 27, 2017, assuring Plaintiff that the insurance company would send an answer within a couple of weeks. Plaintiff did not get in touch with Collignon again until late October 2017, when Collignon informed Plaintiff of a settlement offer from the insurance company. Plaintiff and her husband only received a couple of phone calls from Collignon over the course of the next few months. Collignon offered no course of action that he felt would benefit Plaintiff and her husband, and he took actions against Plaintiff's wishes. This caused Plaintiff to suffer emotional distress. Plaintiff alleges that Collignon violated 18 U.S.C. § 242 and asserts claims under 42 U.S.C. § 1983.

Defendants filed three motions to dismiss—one by Collignon and Pistotnik Law, one by Henry and Henry & Mathewson, and one by Ott. Plaintiff filed responses to the attorney Defendants' motions, but did not file a response to Ott's motion. Plaintiff also filed a motion for leave to amend her Amended Complaint.

## II.     Legal Standard

### A.     Motion to dismiss for failure to state a claim

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal of "a claim for relief in any pleading" that fails to state a claim upon which relief can be granted.[3] Upon such motion, the Court must decide "whether the complaint contains 'enough facts to state a claim

---

[3] Fed. R. Civ. P. 12(b)(6).

to relief that is plausible on its face.' "[4]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of the claims as well as the grounds on which the claim rests.[5]  A claim is facially plausible if the plaintiff pleads facts sufficient for the Court to reasonably infer that the defendant is liable for the alleged misconduct.[6] In determining whether a claim is facially plausible, the Court must draw on its judicial experience and common sense.[7]  The Court assumes all well-pleaded facts to be true and construes them in the light most favorable to the non-moving party.[8]  The Court does not "weigh potential evidence that the parties might present at trial," but assesses whether the complaint "alone is legally sufficient to state a claim for which relief may be granted."[9]  Because Plaintiff appears pro se, the Court must liberally construe her pleadings.[10]  Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[11]

---

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[7] *Id*. at 679.

[8] *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 771 F.3d 697, 700 (10th Cir. 2014).  Allegations that merely state legal conclusions, however, need not be accepted as true. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation omitted).

[10] *Hall*, 935 F.2d at 1110.

[11] *Id.*

**B.     Motion for leave to amend**

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings.   "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[12]  If a plaintiff may not amend as a matter of right under Rule 15(a)(1), it "may amend its pleading only with the opposing party's written consent or the court's leave."[13]  Leave to amend shall be freely given "when justice so requires."[14]  The Court, however, may "deny leave to amend based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . or futility of amendment."[15]

### III.     Analysis

**A.     Plaintiff's federal claims fail to state a claim upon which relief can be granted.**

Plaintiff's Amended Complaint may be read to assert two causes of action based on federal law—violations of his due process rights and violations of 18 U.S.C. § 242.  Both claims fail.

"The Due Process Clause of the Fourteenth Amendment . . . protects against *governmental* deprivations of life, liberty, or property 'without due process of law.' "[16]  To pursue a procedural

---

[12] Fed. R. Civ. P. 15(a)(1).

[13] Fed. R. Civ. P. 15(a)(2).

[14] *Id.*

[15] *Martinez v. Wal-Mart*, 2017 WL 5731502, at *2 (D. Kan. 2017) (quotations marks, alterations, and citation omitted).

[16] *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1135 (10th Cir. 1994) (emphasis added) (citations omitted).

due process violation, (1) Plaintiff must have been deprived of a constitutionally protected right without due process of law, and (2) Defendants must have "acted under color of state law."[17]

Plaintiff has failed to allege facts to support a finding that any of the Defendants acted under color of state law. Rather, Plaintiff's due process claims stem from her complaints regarding the actions of private attorneys representing Plaintiff in conjunction with her personal injury claim. Private attorneys, though officers of the court, do not qualify as state actors under § 1983.[18] Plaintiff's allegations in her response that Defendant Collignon "acted as a public official" and that Defendant Henry was a PFS Judge and "trusted public official," even if contained in her Amended Complaint, do not suffice to show that either Defendant or their respective law firms acted under color of law. Plaintiff has asserted no facts to show that any Defendant acted as a state official in representing Plaintiff, that any Defendant "acted together with or [] obtained significant aid from state officials," or that any Defendant's conduct "is otherwise chargeable to the state."[19] Indeed, even if Henry sometimes holds a position wherein she acts under color of state law, Plaintiff has not alleged that Henry's alleged actions as they relate to this case were taken under color of state law.[20] None of Plaintiff's allegations suggest that any of the Defendants' actions are fairly attributable to the State, and "private conduct that is not fairly attributable to the State is simply not actionable under § 1983."[21]

---

[17] *Montgomery v. City of Ardmore*, 365 F.3d 926, 935 (10th Cir. 2004).

[18] *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983) (noting that "the vast weight of authority" holds "that private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983") (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981)).

[19] *Id.* (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)).

[20] "It is well settled that an otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state." *Jojola v. Chavez*, 55 F.3d 488, 493 (10th Cir. 1995) (quotation marks and citation omitted).

[21] *Id.* at 492 (quotation marks and citations omitted).

To the extent Plaintiff pursues an alleged violation of 18 U.S.C. § 242, this claim also fails. Title 18, U.S.C. § 242 is a federal statute that criminalizes certain behavior. While it authorizes the criminal prosecution of various acts, it does not authorize a private right of action.[22] Thus, Plaintiff cannot state a claim against Defendants under 18 U.S.C. § 242.

## B. The Court declines to exercise jurisdiction over Plaintiff's state-law claims.

Plaintiff's federal claims provide the sole basis for this Court to exercise subject-matter jurisdiction over this matter, as the parties do not appear diverse.[23] Although a federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution,"[24] the Court may decline to exercise such jurisdiction where it "has dismissed all claims over which it has original jurisdiction."[25] "Federal courts are courts of limited jurisdiction,"[26] and unless "considerations of judicial economy, convenience and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims."[27]

Because the Amended Complaint fails to state a viable federal claim, and because this case is in its infancy, the Court declines to exercise supplemental jurisdiction over any state law causes of action Plaintiff seeks to pursue. Although Plaintiff's Amended Complaint purports to pursue

---

[22] *See, e.g.*, *Farr v. Davis*, 2017 WL 1155716, at *2 (D. Kan. 2017); *Perkins v. Univ. of Kan. Med. Ctr.*, 2014 WL 1356042, at *4 (D. Kan. 2014) (citing *Figuera v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992)).

[23] *See* 28 U.S.C. § 1332. Plaintiff alleges that each party to the lawsuit resides in Wichita, Kansas.

[24] 28 U.S.C. § 1367(a).

[25] 28 U.S.C. § 1367(c)(3).

[26] *Hawkins v. Mercy Kan. Cmtys., Inc.*, 2015 WL 3796073, at *2 (D. Kan. 2015) (quotation omitted).

[27] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

claims under § 1983, the predominant claims in Plaintiff's case arise under Kansas law and, especially in light of the Court's dismissal of all federal claims, should be pursued in Kansas state courts. Accordingly, Plaintiff's claims are dismissed without prejudice.

**C.     Plaintiff's motion to amend would not cure the deficiencies in Plaintiff's claims.**

Plaintiff has already amended her Complaint once, and thus, may only file an amended complaint with Defendants' written consent or leave from the Court.[28]  While this Court freely gives leave to amend pleadings when justice so requires, Plaintiff has proposed no amendments that could survive a subsequent motion to dismiss for failure to state a claim.  Rather, the proposed changes identified do not address Plaintiff's failure to allege facts to support the necessary elements of her federal claims.[29]  Thus, any amendment would be futile.  Accordingly, the Court denies Plaintiff's motion for leave to amend.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss by Defendants Pistotnik Law and Brian Collignon (Doc. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Henry & Mathewson, P.A.'s and Elizabeth L. Henry's Motion to Dismiss (Doc. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss by Defendant Ott (Doc. 44) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 49) is **DENIED**.

---

[28] Fed. R. Civ. P. 15(a)(2).

[29] *See Martinez*, 2017 WL 5731502, at *3 (concluding that the plaintiff both failed to comply with procedural prerequisites for seeking leave to amend and failed to cure the legal deficiencies of his claims).  Here, Plaintiff's proposed changes fail to cure the legal deficiencies of her claim—namely, she fails to identify facts to support the conclusion that any Defendant acted under color of state law—and, like the plaintiff in *Martinez*, has also failed to follow the procedural requirements for amending a complaint.  *See* D. Kan. R. 15.1.

**IT IS SO ORDERED**.

**This case is closed**.

Dated this 14th day of December, 2018, in Wichita, Kansas.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE